IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CR-66-WKW |
| | ) | CASE NO. 1:19-CR-450-WKW |
| JERMAINE DALE JONES | ) | [WO] |

**MEMORANDUM OPINION**

On February 26, 2020, Defendant Jermaine Dale Jones was sentenced after having pled guilty to one count of being a felon in possession of a firearm (Count 1 of the Indictment in Case No. 1:19-CR-66) in violation of 18 U.S.C. § 922(g) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 1 of the Information in Case No. 1:19-CR-450) in violation of 18 U.S.C. § 924(c). The conduct charged in Case No. 1:19-CR-66 occurred on May 20, 2018, and the conduct charged in Case No. 1:19-CR-450 occurred on February 27, 2019. During the offense conduct underlying Case No. 1:19-CR-66, Defendant possessed three firearms despite being previously convicted of a felony. One of these firearms had previously been reported as stolen, and another of these firearms had an obliterated serial number. During the offense conduct underlying Case No. 1:19-CR-450, Defendant possessed eight firearms. Once again, one of these firearms had

previously been reported as stolen, and another of these firearms had an obliterated serial number.

The Government argued that a four-level enhancement for an offense involving 8 to 24 firearms, U.S.S.G. § 2K2.1(b)(1)(B), should apply to the Guidelines calculation for Mr. Jones's § 922(g) offense. Mr. Jones argued that the four-level enhancement should only be a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) (increasing the offense level by 2 if the offense involved 3 to 7 firearms). Defendant raised two distinct arguments in opposition to this enhancement. First, he argued that his § 922(g) offense should be counted as an underlying offense to his § 924(c) offense within the meaning of U.S.S.G. § 2K2.4 application note 4. Second, he argued that the firearms he possessed on February 27, 2019, were not relevant conduct to the § 922(g) offense on May 20, 2018, under U.S.S.G. § 1B1.3(a)(2) because it was not part of the same course of conduct as the offense of conviction. The Government argued to the contrary in court and in its sentencing memorandum. The court disagreed with both arguments in opposition to the enhancement and found that the enhancement was applicable for the reasons that follow.

The court first addressed Defendant's objection that his § 922(g) offense should be counted as an underlying offense to his § 924(c) offense within the

meaning of U.S.S.G. § 2K2.4 application note 4. Application note 4 instructs courts that

> [i]f a sentence under [the guideline applicable to § 924(c) offenses] is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S.S.G. § 2K2.4 cmt. n.4. The court agreed with the Government's and with the Probation Office's arguments against finding Defendant's § 922(g) offense to be an "underlying offense" to his § 924(c) conviction. The case of *United States v. Ward* was particularly persuasive. In that unpublished opinion, the Eleventh Circuit held that the "number of weapons involved in the offense underlying a § 924(c) conviction is a separate kind of harm than the possession or use of a firearm in relation to specific criminal conduct." *United States v. Ward*, 722 F. App'x 953, 966 (11th Cir. 2018); *see also id.* (citing with approval the reasoning of *United States v. Pineda*, 770 F.3d 313, 320–21 (4th Cir. 2014), and *United States v. Terrell*, 608 F.3d 679, 683–84 (10th Cir. 2010)). "Accordingly, the application of both a mandatory sentence under § 924(c) and an offense-level increase under § 2K2.1(b) does not amount to impermissible double counting." *Id.* For the reasons stated in this

opinion, on the record at sentencing, and further elaborated on in *Ward*, Defendant's first argument against the firearm enhancement was overruled.

After ruling on the "underlying offense" issue, the court addressed Defendant's relevant conduct argument. Under the Sentencing Guidelines, relevant conduct includes offenses that meet both of the following two requirements. First, they are of a character for which U.S.S.G. § 3D1.2(d) would require grouping of multiple counts. U.S.S.G. § 1B1.3(a)(2). Second, they are part of the same course of conduct or common scheme or plan as the offense of conviction. *Id.* The first requirement was met because possession of the firearms in February of 2019 could have been charged as an additional § 922(g) offense, which would have required grouping with Defendant's May 2018 § 922(g) offense. *See id.* § 1B1.3(a)(2), cmt. n.5(A) (stating that "this provision does not require the defendant, in fact, to have been convicted of multiple counts"); *id.* § app. A, at 563 (indicating that offenses in violation of 18 U.S.C. § 922(a)–(p) are controlled by the § 2K2.1 guideline); *id.* § 3D1.2(d) (stating that offenses covered by the § 2K2.1 guideline are to be grouped).

Regarding the second requirement, the Sentencing Guidelines state, "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus*

*operandi.*" *Id.* § 1B1.3 cmt. n. 5(B)(i). "Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3 cmt. n. 5(B)(ii). The factors to be considered when determining when offenses are part of the same course of conduct are "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* "When one of these factors is absent, a stronger presence of at least one of the other factors is required." *Id.* The court must consider "whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated events that happen only to be similar in kind." *United States v. Maxwell*, 34 F.3d 1006, 1011 (11th Cir. 1994) (internal quotation marks omitted) (quoting *United States v. Sykes*, 7 F.3d 1331, 1336 (7th Cir. 1993)).

In this case, the time interval between the two offenses, nine months and eight days, was not too attenuated, as several courts have found offenses with similar or longer time intervals to be relevant to each other. *See United States v. Jones*, 367 F. App'x 109, 111–12 (11th Cir. 2010) (upholding a finding of relevant conduct when "the offense of conviction—possession of the revolver—and the relevant conduct—possession of the rifle—were both felon in possession offenses, occurring only ten

months apart and [at a location] where the defendant slept at the relevant time"); *United States v. Phillips*, 516 F.3d 479, 484–85 (6th Cir. 2008) (upholding a relevant conduct finding where the defendant's other two felon-in-possession offenses, one four years before the current offense and one two years after the current offense, were identical to the offense of conviction and where the defendant's repeated incidents of firearm possession were "connected by the common purpose of self-defense and suggest[ed] that he habitually carried firearms"); *United States v. Santoro*, 159 F.3d 318, 321 (7th Cir. 1998) ("The fact that Santoro possessed the assault rifle and two other weapons within a six to nine month period is sufficient . . . .").

Regularity was at least minimally satisfied. *Compare United States v. Amerson*, 886 F.3d 568, 574 (6th Cir. 2018) ("[R]egularity is 'completely absent' where the government shows only one other offense." (quoting *United States v. Hill*, 79 F.3d 1477, 1483 (6th Cir. 1996))), *with Jones*, 367 F. App'x at 111–12 (affirming an enhancement without discussing regularity when two felon-in-possession offenses occurred within ten months). Defendant twice possessed firearms subsequent to a felony conviction in violation of 18 U.S.C. § 922(g).

The similarity factor is present in this case where the relevant conduct could have resulted in a charge that was identical to the charge of conviction. While the arrests took place in different settings (in a vehicle in 2018 and at a home in 2019)

and the first arrest did not involve drugs, there is similarity in the circumstances surrounding the types of firearms involved.  On both occasions, Defendant possessed at least one stolen firearm and at least one firearm with an obliterated serial number.  For these reasons, the firearms that were illegally possessed on February 27, 2019, were found to be part of the same course of conduct as the May 20, 2018 § 922(g) offense.  Therefore, the objection was overruled.

DONE this 28th day of February, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE